IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Anthony McKeown, #272023, ) | Civil Action No.: 3:08-4145-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Jim Kernell, County Square, Co. Adm.; ) | |
| Jail Adm., Mr. Dorriety; Medical Adm., ) | |
| Mrs. Klein; Captain M. Stowers; Mental ) | |
| Health Mang., Ms. Larson; Ms. Moss, ) | |
| Head Nurse; Ms. Piagent, Mental Health ) | |
| Counselor; and Ms. Nevens, Mental ) | |
| Health Counselor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Defendants' Motion for Summary Judgment [Docket #30]. The Plaintiff filed timely objections, challenging the Magistrate Judge's finding of no deliberate indifference to sustain a 42 U.S.C. § 1983 claim. This matter is ripe for review.

**Procedural History and Factual Background**

The case was initiated on December 29, 2008, when the Plaintiff filed a Complaint appearing to allege constitutional claims pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment on July 17, 2009, contending that: (1) Plaintiff produced no evidence to show that Defendants were deliberately indifferent to a serious medical need; and (2) Plaintiff failed to

---

[1]In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.

demonstrate that he exhausted all of his available administrative remedies. The Plaintiff filed a response on October 26, 2009. The Magistrate Judge issued an R&R on January 20, 2010, in which he recommends that the Court grant the Defendants' Motion for Summary Judgment because there is no evidence that the Defendants acted with deliberate indifference and thereby violated the Plaintiff's rights under § 1983, and any state tort claims asserted against the Defendants in their individual capacities are barred by the South Carolina Tort Claims Act. On February 4, 2010, the Plaintiff filed timely objections to the R&R.

The facts in this case are clearly summarized in the Magistrate Judge's R&R and do not need to be restated here. The Court hereby incorporates by reference pages two through three of the R&R. Report and Recommendation, pgs. 2-3 [Docket #41].

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection,

the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

It appears the Plaintiff objects to the Magistrate Judge's finding of no deliberate indifference by the Defendants to sustain a 42 U.S.C. § 1983 claim.[2] The Plaintiff does not support his Objections with any genuine facts; instead, he merely restates the allegations of his Complaint.[3] Moreover, the Plaintiff makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. In his Objections, the Plaintiff states: "I was deliberately denied my mental health medication by the medical staff at GCDC which consists of blood pressure medication that I didn't receive and further was denied my mental health medications by Ms. Padgett,"[4] and "How can it be shown by me that between September 23, 2008, and October 16, 2008, the sole purpose for this 1983 civil action [is] that no medications were given to Plaintiff."[5]

Notably, the Plaintiff contradicts the sole basis for his Objections by admitting that the medical staff did give him medications between September 23, 2008, and October 16, 2008. The Plaintiff admits that he was given Ativan and prescribed Zoloft on September 29, 2008, after

---

[2] Objections, ¶10 ("I specifically object to Page #8 of Recommendation where it is stated my medical needs were not life threatening, and these defendants were not deliberately and intentionally indifferent to my medical needs. They were.").

[3] See id. at ¶5 ("Thats the deliberate indifference to my medical needs . . . . This complaint was brought to the attention of the United States District Court for being Deliberately Deprived of my Mental Health Med from September 23, 2008, to October 16, 2008!").

[4] Id. at ¶1.

[5] Id. at ¶13.

3

drinking cleaning solution on September 26, 2008.[6] The Plaintiff further admits that he was given Neurontin after damaging a fire sprinkler on October 9, 2008.[7]

In order to state a cognizable claim under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence <u>deliberate indifference</u> to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (emphasis added). However, "an inadvertent failure to provide adequate medical care" does not meet this standard. *Id.* at 105. To be deliberately indifferent, a defendant must "actually know of and disregard an objectively serious condition, medical need, or risk of harm." *Rish v. Johnson,* 131 F.3d 1092, 1096 (4th Cir. 1997). Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990) (In order to meet the "deliberate indifference" standard, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.").

In the instant matter, the Plaintiff has failed to show that the Defendants were deliberately indifferent to any of his serious medical needs. Instead, the Plaintiff's claims appear to stem from a disagreement with medical personnel about the course of his treatment and medications prescribed. The medical records submitted by the parties indicate that the Plaintiff was treated by medical personnel at Greenville County Detention Center on numerous occasions, x-rays were taken, medications were prescribed, and monitoring of his medical condition was performed. Even assuming, *arguendo,* that medical personnel were negligent, their actions do not meet the "deliberate indifference" standard because "an official's failure to alleviate a significant risk that he should have

---

[6]<u>Id.</u> at ¶15-16.

[7]<u>Id.</u> at ¶15.

4

perceived but did not . . . cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan,* 511 U.S. 825, 837-38 (1994).

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary judgment is appropriate.

## Conclusion

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Defendants' Motion for Summary Judgment [Docket #30] is **GRANTED**.

**IT IS SO ORDERED.**

                                           s/ R. Bryan Harwell
                                           R. Bryan Harwell
                                           United States District Judge

Florence, South Carolina
February 12, 2010